UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DISTRICT

ASHLEY ALLISON, on her own
behalf and on behalf of those similarly
situated,

      Plaintiffs,

CASE NO.:

vs.

LIFE CARE CENTERS OF
AMERICA, INC.

      Defendant.          /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, ASHLEY ALLISON ("Plaintiff" or "ALLISON"), on her own behalf and on behalf of those similarly situated, was an employee of Defendant, LIFE CARE CENTERS OF AMERICA, INC. ("LIFE CARE" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      The Defendant in this case, a skilled nursing, rehabilitation, Alzheimer's and senior living services company, violated the FLSA by failing to pay Plaintiff and other similarly-situated nurses proper time and one half for all of their hours worked over forty (40) each week.

7.      This action is intended to include each and every hourly paid nurse (hereinafter collectively referred to as "Collective Members") who worked for Defendant at any time within the past three (3) years.

## PARTIES

8.      Plaintiff, and the Collective Members, were hourly paid nurses who performed nursing duties for Defendant.

9. Defendant, Life Care Centers of America, Inc., is a Foreign Profit Corporation. Defendant is in the business of operating a skilled nursing, rehabilitation, Alzheimer's and senior living services company throughout the United Sates, with its headquarters located in Cleveland, Tennessee. *See* Defendant's website, *available at* https://lcca.com.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

11. Defendant operates throughout the United States with its headquarters located in, Bradley County, Tennessee, therefore venue is proper in the Eastern District of Tennessee, Southern District, pursuant to 28 U.S.C. § 1391.

## COVERAGE

12. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

14. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. medical supplies and equipment, office supplies, and computers).

## **GENERAL ALLEGATIONS**

16. Defendant is a company classified as a skilled nursing, rehabilitation, Alzheimer's and senior living services company, operating over 200 campuses in 27 states. *See* Defendant's website at: https://lcca.com/about/.

17. Defendant paid Plaintiff, and other similarly situated workers an hourly rate in exchange for work performed.

18. Defendant paid Plaintiff, and other similarly situated workers, additional wages for working less desirable shifts, such as the night shift. This additional pay is identified by Defendant as a "shift differential" pay and/or "bonus" pay (hereinafter referred to as "shift differential").

19. Shift differential pay is to be included in the regular rate of pay for purposes of calculating the proper overtime rate.

20. Defendant has a common pay policy and/or pay practice which fails to pay certain non-exempt hourly paid employees at the correct overtime rate.

21. Defendant failed to properly include certain wages for purposes of calculating its non-exempt employees' regular rates of pay and corresponding overtime rates.

22. For example, Defendant failed to properly include shift differential pay in the regular rate of pay for purposes of calculating proper overtime rates, thereby resulting in unpaid overtime wages.

23. In workweeks where Plaintiff and other Collective Members worked forty (40) hours or more and received shift differential pay, the overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including shift differential pay.

24. Because Defendant's compensation scheme failed to properly incorporate shift differential pay received in the regular rate of pay (and resulting overtime rates of pay), Defendant failed to properly compensate Plaintiff and its other nurses at the correct overtime rate during one or more workweeks.

25. These employees regularly work over forty (40) hours per week.

26. Plaintiff, ALLISON, performs nursing duties for Defendant at Defendant's Altamonte Springs, Florida location.

27. Plaintiff has worked in this capacity since approximately August 2018.

28. Plaintiff is paid an hourly rate of up to $29.30 per hour in exchange for work performed.

29. Plaintiff is also paid shift differential pay for working less desirable shifts.

30. Plaintiff and those similarly situated to her routinely worked in excess of forty (40) hours per week as part of their regular job duties.

31. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, proper overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

32. Specifically, Plaintiff and those similarly situated, were paid additional shift differentials pay during one or more workweeks. However, Defendant did not peroperly include

the shift differential pay into the regular rate of pay for purposes of calculating the proper overtime rate, which resulted in unpaid overtime compensation.

33. Upon information and belief, Defendant had a company-wide policy that failed to pay its nurses proper overtime pay, contrary to the FLSA.

34. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

35. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. Defendant has acted willfully in failing to pay Plaintiff and those similarly situated to her in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff and the Collective Members performed the same or similar job duties as one another in that they performed nursing duties on behalf of Defendant.

38. Plaintiff and the Collective Members were all hired by Defendant to perform nursing duties on behalf of Defendant's patients.

39. Plaintiff and all Collective Members worked for Defendant at various locations throughout the United States.

40. Plaintiff and the Collective Members were all paid an hourly rate for the work performed.

41. Plaintiff and the Collective Members worked similar hours and usually worked more than forty (40) hours per week.

42. Plaintiff and the Collective Members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all hours worked in excess of forty (40) hours in a workweek. Thus, the Collective Members are owed overtime wages for the same reasons as Plaintiff.

43. Specifically, in workweeks where Plaintiff and other FLSA Collective Members worked forty (40) hours or more and received shift differential pay, the overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including shift differential pay.

44. Defendant's failure to compensate Plaintiff and the Collective Members proper overtime pay, inclusive of shift differential pay, for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative Collective Members herein.

45. These policies or practices were applicable to Plaintiff and the Collective Members.

46. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all Collective Members. Accordingly, the Collective Members are properly defined as:

> **All hourly paid Nurses who worked more than forty (40) hours during one or more workweeks and who also earned a shift differential during one or more workweeks during their employment with Defendant within the last three (3) years.**

47. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the proper overtime rate with respect to Plaintiff and the Collective Members.

48. Defendant knew that Plaintiff, and those similarly situated to her, should have had their shift differential pay properly included in her/their regular rate(s) of pay and corresponding overtime rate(s) for all overtime hours they worked each workweek, yet Defendant failed to do so.

49. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

50. Defendant has acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50 above.

52. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half of their regular rate of pay, inclusive of the shift differential pay, for each hour worked in excess of forty (40) per workweek.

53. During her/their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but was/were not paid proper time and one-half compensation for same.

54. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, proper time and one-half compensation for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to her, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

55. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, is/are entitled to liquidated damages.

56. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Collective, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her/them for which Defendant did not properly compensate her/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: February 3, 2026                                   Respectfully submitted by,

*/s/ Robert B. Keaty*
Robert B. Keaty, II, Esq.
Bar No.: 027342
Morgan & Morgan, P.A.
801 Broadway, Suite 105
Nashville, TN 37203
Telephone: (615) 514-4205
bkeaty@forthepeople.com

Kimberly De Arcangelis, Esq.
FBN 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
***(Pro Hac Forthcoming)***

*Trial Attorneys for Plaintiffs*